United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-34778 |
| RAYMOND BUCHHORN GRAMS, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 7 |

**MEMORANDUM OPINION AND ORDER
<u>PARTIALLY GRANTING OBJECTION TO CLAIMED EXEMPTIONS</u>
(RE: ECF NO. 80)**

Before the Court is *Evelyn Barroso's Objection to Exemptions* (ECF No. 80). Barroso objects to the homestead exemption claimed by Raymond Buchhorn Grams a/k/a Wagner R. Grams in the real property located at 16526 Battlecreek Dr., Houston, Texas 77095 (the "**Property**") and certain personal property exemptions. Barroso relies mainly on state court proceedings and orders she says already decided the issues raised in her Objection. Grams disagrees and asks the Court not to give any preclusive effect to the state court orders.

The Court conducted a hearing on May 7, 2026. ECF Nos. 84, 1–17 were admitted into evidence. David Fettner, the state court-appointed receiver, testified and was cross-examined by Grams. Grams also testified on his own behalf. The Court afforded Grams a full and fair opportunity to be heard.

After careful consideration, the Objection is partially granted. Grams's claimed homestead exemption in the Property is denied. But the Objection is denied as to the personal property exemptions.

## <u>Background</u>

In 2017, Barroso sued Grams in the 55th Judicial District Court, Harris County, Texas: Cause No. 2017-45984 ("**State Court Lawsuit**").

In December 2020, the State Court entered a Final Judgment against Grams and certain other corporate defendants.[1] The Judgment states that Grams appeared in person and announced ready, but the other defendants did not appear at trial.[2] After hearing the testimony of witnesses and reviewing documentary evidence, the State Court awarded Barroso, *inter alia*, $600,894.67 for breach of contract, breach of fiduciary duty, fraud in real estate or stock transaction, and conspiracy under the

---

[1] Final Judgment, ECF No. 84-3.
[2] Final Judgment, ECF No. 84-3.

Texas Business and Commerce Code against Grams and the other defendants on a joint and several basis, $500,000 exemplary damages against Grams, and pre- and post-judgment interest.[3]

In August 2021, the State Court entered a Turnover Order and appointed David A. Fettner as Receiver with authority to take possession of all non-exempt property of Grams that was in his actual or constructive possession.[4]

In November 2022, Grams purchased the Property.[5] In November 2023, the Receiver moved for consent to sell the Property.[6] That same month, the State Court entered an Order Granting Receiver's Motion for Consent to Sell Property.[7] The State Court found that Grams acquired the Property using non-exempt funds that he had refused to turn over to the Receiver.[8] And, after considering pleadings and evidence, the Receiver was authorized to take possession and control of the Property, and enter into a sale contract for the Property.[9] The Receiver was also authorized to sell equipment and other personal items on the Property.[10]

In December 2023, Grams filed a Motion to Vacate and Motion to Reconsider the Consent Order, asserting Texas homestead and retirement fund exemptions.[11] In March 2024, the State Court denied Grams's motion.[12]

In November 2024, Grams, represented by counsel, filed a Motion to Determine the Exemption Status of Debtor's Property.[13] Grams asserted that he used funds from his 401(k) retirement plan to purchase the Property.[14] And that these funds, which he claims were exempt, rendered the Property exempt under the Texas Constitution and Texas statutes.[15] He also argued that his current wages were exempt from turnover under Texas law.[16] In January 2025, the State Court entered an Order Denying Debtor's Motion to Determine the Exemption Status of Debtor's Property ("**Homestead Exemption Order**"), ruling that the "real property at issue is not exempt from sale by the receiver."[17]

---

[3] Final Judgment, ECF No. 84-3.
[4] Turnover and Receiver Order, ECF No. 84-4.
[5] Property General Warranty Deed, ECF No. 84-5.
[6] Motion for Consent to Sell Property, ECF No. 84-7.
[7] Consent Sale Order, ECF No. 84-6.
[8] Consent Sale Order, ECF No. 84-6.
[9] Consent Sale Order, ECF No. 84-6.
[10] Consent Sale Order, ECF No. 84-6.
[11] Motion to Vacate, ECF No. 84-10.
[12] Order Denying Motion to Vacate, ECF No. 84-9.
[13] Motion to Determine Exemption Status, ECF No. 84-2.
[14] Motion to Determine Exemption Status, ECF No. 84-2.
[15] Motion to Determine Exemption Status, ECF No. 84-2.
[16] Motion to Determine Exemption Status, ECF No. 84-2.
[17] Order Denying Motion to Determine Exemption Status, ECF No. 84-1.

In May 2025, the Receiver executed a Writ of Possession with the assistance of Precinct Five constables. The Receiver took possession of the Property on May 2, 2025.[18] There is no evidence Grams possessed the Property as of the bankruptcy petition date.

In July 2025, the Receiver filed a Motion to Void and Expunge Fraudulent "Option" Encumbrance Pursuant to Chapter 12, Texas Property Code.[19] The Receiver alleged that in April 2025, Grams caused to be recorded in the Harris County real property records an "Option to Purchase Agreement" regarding the Property in favor of 7 BS, LLC.[20] The Receiver also alleged that the Option was signed by Grams and it was recorded after the State Court denied Grams's motion for reconsideration and motion seeking a ruling on his asserted exemption on the Property.[21] Later that month, the State Court granted the Receiver's motion.[22] The State Court found that the Option was "fraudulent and was created by the Judgment Debtor [Grams] with the intent to defraud, hinder, or delay enforcement of the Court orders."[23] The Option was, thus, declared invalid, fraudulent, and void ab initio.[24] And 7 BS and Grams were declared to have no interest in the Property through the voided Option.[25]

None of the State Court judgments or orders referenced above are on appeal.

On August 11, 2025, the State Court entered an Order Confirming the Receiver's Sale of the Property for $349,900.[26]

On August 12, 2025, Grams started this chapter 7 case, which stayed the closing. Grams claimed the Property as his homestead exemption on his Schedule C. Barroso then timely filed her Objection.

### Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. § 1408. The Court has constitutional authority to enter a final order in this contested matter.

---

[18] Writ of Possession, ECF No. 84-11.
[19] Motion to Void and Expunge Option, ECF No. 84-15.
[20] Motion to Void and Expunge Option, ECF No. 84-15.
[21] Motion to Void and Expunge Option, ECF No. 84-15.
[22] Order Granting Motion to Void and Expunge Option, ECF No. 84-14.
[23] Order Granting Motion to Void and Expunge Option, ECF No. 84-14.
[24] Order Granting Motion to Void and Expunge Option, ECF No. 84-14.
[25] Order Granting Motion to Void and Expunge Option, ECF No. 84-14.
[26] Order Confirming the Receiver's Sale of the Property, ECF No. 84-12.

## Analysis

Under Federal Rule of Bankruptcy Procedure 4003(b), a party in interest may file an objection to a debtor's claimed exemptions within 30 days after the meeting of creditors. Section 522(b) of the Bankruptcy Code allows a debtor to exempt property from the estate under state law, so Texas law governs Grams' claimed homestead exemption. 11 U.S.C. § 522(b)(3). The objecting party bears the initial burden of producing evidence to rebut a claimed exemption. Fed. R. Bankr. P. 4003(c). Barroso has met her burden through the substantial record evidence before the Court. For the reasons below, Grams has not met his burden.

### A.      *Collateral Estoppel Bars the Homestead Claim*

Barroso invokes collateral estoppel principles on the homestead exemption issue. Collateral estoppel prevents parties from relitigating issues of fact that were already "determined by a valid and final judgment" in a prior lawsuit in any future lawsuit involving the same parties. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Federal courts must give full faith and credit to state-court judgments. *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986); *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009) (quoting *Parsons Steel*).

The laws of the state in which the judgments were entered determine whether collateral estoppel applies. *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1201 (5th Cir. 1996). Because the relevant orders were entered by the 55th Judicial District Court of Harris County, the Texas law applies here. Under Texas law, collateral estoppel bars a party from relitigating issues when "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002) (citations omitted). A bankruptcy court does not necessarily need a full state court record to apply collateral estoppel. *See Fielder v. King (In re King)*, 103 F.3d 17, 19 n.1 (5th Cir. 1997) (citing *Sheerin v. Davis (In re Davis)*, 3 F.3d 113, 114–15 (5th Cir. 1993)).

Collateral estoppel applies on the homestead exemption issue. The homestead exemption issue was fully and fairly litigated in the State Court Lawsuit. Grams was represented by counsel and moved to determine the exempt status of the Property under the Texas Constitution and Texas statutes. He raised his homestead theory and the retirement tracing fund argument. The State Court rejected them in the Homestead Exemption Order, finding that the Property was not Grams's exempt homestead. There is nothing more to litigate on that issue.

Grams argued that the State Court incorrectly ruled on the homestead issue because, among other things, he used funds from his retirement account to purchase the Property. That issue, however, was also litigated and decided by the State Court in connection with the Order Granting the Receiver's Motion for Consent to Sell Property, which found that Grams acquired the Property using non-exempt funds that he refused to turn over to the Receiver. Grams opposed that finding, moved to vacate and reconsider it, and lost. Grams also complained about many state court orders, but there is no evidence he appealed any of them.

The exemption determination was also essential to the State Court's judgments. The foundation of the Receiver's authority to sell the Property rested on the ruling that the Property was non-exempt. And there is no question that Barroso, the plaintiff in the State Court Lawsuit and judgment creditor, and Grams were adversaries throughout the State Court Lawsuit. The identity and adversarial alignment of the parties is clear.

Grams's renewed assertion of a homestead exemption is an attempt to have a federal bite at the apple after losing in state court. Collateral estoppel exists precisely to foreclose such attempts. Grams asks this Court not to give the State Court orders any preclusive effect. But there is no basis in law or equity to do that here. The Objection is sustained as to the homestead exemption.

### B.   *Res Judicata Bars the Homestead Claim*

Claim preclusion—res judicata—provides an independent and alternative basis for sustaining the Objection. "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

Texas law applies and requires: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity; and (3) a second action based on the same claims raised or that could have been raised in the first. *Harmon v. Dallas Cty*, 927 F.3d 884, 890 (5th Cir. 2019) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

All three elements are satisfied. The Homestead Exemption Order, November 2023 Sale Order, and the Order Confirming the Receiver's Sale of the Property are final judgments on the merits by a court of competent jurisdiction, each entitled to full preclusive effect in this Court. *See Thompson v. Dall. City Atty's Off.*, 913 F.3d 464, 470 (5th Cir. 2019). The parties are identical or in privity. And the homestead exemption claim in this bankruptcy is based on precisely the same legal theory concerning the same Property litigated and decided in the State Court Lawsuit. There is no meaningful distinction between the two proceedings. Res judicata bars the claim.

### C.       Independently, Grams Cannot Establish the Elements of a Homestead Exemption

Even setting aside preclusion, Grams cannot satisfy the substantive requirements for a homestead exemption on the facts of this record. To claim a homestead exemption under Texas law and 11 U.S.C. § 522, a debtor must demonstrate, as of the petition date: (1) an ownership interest in the property; and (2) actual use and occupancy of the property as a primary residence. *See Matter of Bradley*, 960 F.2d 502, 507 n.7 (5th Cir. 1992); Tex. Prop. Code § 41.001; Tex. Const. art. XVI, § 50. Grams cannot establish either element.

As to ownership interest: The State Court had, by the petition date, (a) found the Property to be non-exempt; (b) authorized the Receiver to sell it; (c) denied Grams's motions to vacate and reconsider; (d) confirmed a sale; and (e) found that Grams had no property interest created by the Option found to be fraudulent and held in custodia legis by the Receiver. And once a turnover order appointing a receiver is signed, all of the judgment debtor's non-exempt property becomes property in custodia legis—under the state court's jurisdiction. *M&E Endeavours LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *5 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.). Grams could not, as of the petition date, convey or claim an enforceable property interest to himself or anyone else in derogation of the Receiver's court-ordered authority.

As to actual use and occupancy, Texas homestead protection requires that the property be the debtor's actual, present residence as of the petition date. But the Receiver had been in exclusive physical possession of the Property for over three months following execution of the Writ of Possession. There is no evidence Grams has possessed the Property since May 2025. Finally, Grams's arguments about the retirement fund origin of funds used to purchase the Property were considered and rejected by the State Court. This Court, bound by those findings, need not revisit them.

### D.       Personal Property Exemptions

The Objection also challenges Grams's claimed exemptions in personal property including furniture, appliances, clothing, and related household items located at the Property. Barroso did not provide evidence on these objections. It is therefore denied.

## Order

For these reasons, it is ORDERED that.

1.      Grams's claimed homestead exemption in the real property located at 16526 Battlecreek Dr., Houston, Texas 77095, legally described as Lot Seven (7), Block Ten (10), Wheatstone Village Coppercreek Village Section Two (2), Harris County, Texas (Map Records Vol. 336, Page 127), is **DENIED**. Barroso's objection to the homestead exemption is **GRANTED**.

2.      Barroso's objection to claimed exemptions in the personal property identified in the Objection is **DENIED**.

3.      All other relief requested in the Objection is reserved for further order of the Court.

Signed on May 18, 2026

_____
Christopher Lopez
United States Bankruptcy Judge